**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES<br><br>and<br><br>ASSOCIATION FOR THE PRESERVATION OF VIRGINIA ANTIQUITIES<br><br>    Plaintiffs,<br><br>    v.<br><br>TODD T. SEMONITE,<br>and<br>ROBERT M. SPEER,<br><br>    Defendants,<br><br>VIRGINIA ELECTRIC<br>AND POWER COMPANY<br><br>    Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 17-cv-01574-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VIRGINIA ELECTRIC AND POWER COMPANY'S**
**MEMORANDUM IN OPPOSITION TO MOTION OF CHESAPEAKE CONSERVANCY**
**AND SCENIC VIRGINIA FOR LEAVE TO FILE A MEMORANDUM AS**
***AMICI CURIAE* IN SUPPORT OF PLAINTIFFS**

Harry M. Johnson, III (Bar No. IL0002)
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, VA 23219-4074
pjohnson@hunton.com
(804) 788-8784
(804) 343-4538 (fax)

Eric J. Murdock (Bar No. 443194)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue N.W.
Washington, DC 20037-1701
emurdock@hunton.com
(202) 955-1576
(202) 857-3885 (fax)

Virginia Electric and Power Company, dba Dominion Energy Virginia ("Dominion Energy"), by counsel, files this opposition to the Motion of Chesapeake Conservancy and Scenic Virginia for Leave to File a Memorandum as *Amici Curiae* in Support of Plaintiffs. ECF No. 23.

## PRELIMINARY STATEMENT

Movants' proposed *amicus* brief alleges harms that are materially different from the harm Plaintiffs have alleged as the basis for preliminary injunctive relief in this case. For this reason alone, leave to file an *amicus* brief should be denied. Movants' motion and brief are also untimely, coming mere days before Defendants' response briefs were due and shortly before the Court's hearing on Plaintiffs' motion for preliminary injunction. If the Court were to accept and consider the proposed *amicus* brief, it would unfairly prejudice Dominion Energy in opposing Plaintiff's Motion for Preliminary Injunction.

## BACKGROUND

This case involves the permit issued by the United States Army Corps of Engineers ("Corps") for certain aspects of the Skiffes Creek transmission project ("Project"). Plaintiffs National Trust for Historic Preservation in the United States and Association for the Preservation of Virginia Antiquities (collectively, "NTHP") filed a Complaint challenging the Corps' compliance with several statutes: the National Environmental Policy Act; the National Historic Preservation Act; and the Clean Water Act and Rivers and Harbors Act. ECF No. 1. On August 28, 2017, Plaintiffs, Defendants, and Intervenor Dominion Energy filed a Joint Stipulation Regarding Schedule for Plaintiffs' Motion for Preliminary Injunction, ECF No. 21, in

anticipation of Plaintiffs' filing their motion.[1] The joint stipulation provided for a schedule consistent with and in light of the existing schedule in the companion *NPCA* case:[2] Defendants and Dominion Energy would file oppositions to NTHP's motion for preliminary injunction on September 13, 2017, and NTHP's motion for preliminary injunction would be heard concurrently with the hearing in the *NPCA* case on September 20, 2017. *Id.* at 2. The joint stipulation did not provide for any further briefing, given the expedited preliminary injunction schedule.

Thereafter, NTHP filed its Motion for Preliminary Injunction and Request for a Hearing ("NTHP's Motion for Preliminary Injunction") on August 30, 2017. ECF No. 22. Six days later, Chesapeake Conservancy and Scenic Virginia ("Movants") filed their motion for leave to file an *amicus* brief in support of NTHP. The focus of Movants' proposed brief is the alleged visual impact of the Project's transmission towers on Movants' enjoyment of the Captain John Smith Chesapeake National Historic Trail ("Chesapeake Trail") from within that waterway. ECF No. 23-1 at 5-9.

For the reasons below, the Court should not accept the proposed *amicus* brief and the motion for leave should be denied.

## ARGUMENT

I. **The Proposed *Amicus* Brief Fails to Meet the Substantive Requirements of LCvR 7(o)(2)**

LCvR 7(o)(2) provides, in relevant part, that a motion for leave to file an *amicus* brief must state the movant's interest and set forth: (1) "the reasons why an *amicus* brief is desirable;" (2) "why the movant's position is not adequately represented by a party;" and (3) "why the

---

[1] The Court entered the joint stipulation as an order on September 13, 2017. ECF No. 26.

[2] *National Parks Conservation Association v. Semonite*, 1:17-cv-01361-RCL (D.D.C. filed July 12, 2017) ("*NPCA*").

matters asserted are relevant to the disposition of the case."[3] If any element of LCvR 7(o)(2) is not met, leave to file an *amicus* brief must be denied. *Neonatology Assocs., P.A. v. Comm'r of Int. Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) (interpreting what is now Fed. R. App. P. 29(a)(3)); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (district court's authority to appoint or deny *amici* is derived from Fed. R. App. P. 29).

Movants fail to meet all of these required elements. The proposed brief is neither desirable (*i.e.,* helpful to the Court) nor material to the issues before the Court. The proposed *amicus* brief will not aid the Court's resolution of the matter currently before it – NTHP's Motion for Preliminary Injunction – in any meaningful way. The proposed brief will needlessly complicate the Court's work by presenting information about alleged aesthetic harms that Movants claim they will suffer, but that are *different from* the harms that NTHP alleges in support of a preliminary injunction.

An *amicus* brief in a preliminary injunction proceeding should be related to the test for preliminary injunctive relief. *See, e.g.*, *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001) ("amicus constrained by the rule that it generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal") (internal quotation, alteration, and citation omitted), *reh'g en banc denied sub nom.*, *Eldred v. Ashcroft*, 255 F.3d 849, 850-51 (D.C. Cir. 2001) (*en banc*) ("particularly inappropriate" to "reach the merits of the amicus's position" under such circumstances), *aff'd*, 537 U.S. 186 (2003); *NPCA*, ECF No. 31 at 5-8. Movants do not support *Plaintiffs'* allegations of irreparable harm, nor do they show how Plaintiffs may be likely to succeed on the merits of *Plaintiffs'* claims. Instead, Movants assert

---

[3] LCvR 7(o)(2) also requires that the motion "be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." The untimeliness of Movants' motion is addressed in Section II of this opposition.

their own purported harms and claims.

The gist of Movants' proposed brief is that, once the Project's towers are built, kayakers and other travelers on the Chesapeake Trail (*i.e.*, the James River) will see them for "miles" while travelling on the river, and that the Corps allegedly failed to consider this perspective. ECF No. 23-1 at 8. But, NTHP makes no such claim of harm in its motion for preliminary injunction (or in its complaint, for that matter). NTHP claims irreparable harm from construction barges during the early stages of construction activities in the river, not from the towers that will be built later. *See* ECF Nos. 22-1 at 33-34, 22-2–22-14 (declarations).

Movants cite no case or support for the proposition that the Court can grant a preliminary injunction based on harm to non-parties or on claims that were not raised by the parties. *See, e.g., Sai v. TSA*, 54 F. Supp. 3d 5, 9 (D.D.C. 2014) ("'a preliminary injunction may not issue…when it deals with matter outside the issues in the underlying suit'") (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure: Civil* § 2947 (3d ed.)); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("when a motion for preliminary injunction is predicated on a complaint, if the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion"); *cf. Price v. Corzine*, No. 6-1520, 2006 WL 2252208, at *3 (D.N.J. Aug. 7, 2006) (denying leave to file *amicus* brief in context of motion to dismiss, for similar reasons).

Movants claim that the Project "would be visible for at least ten miles upriver and ten miles downriver." ECF No. 23-1 at 8. Even if this highly dubious claim were true, it is not the issue in the preliminary injunction proceeding. Thus, Movants' proposed brief cannot assist the Court in deciding whether to grant or deny the preliminary injunction that NTHP seeks. NTHP adequately represents the harms that *it* allegedly will suffer in the absence of a preliminary

injunction, and those are the alleged harms that the Court must consider in connection with NTHP's Motion for Preliminary Injunction.

Indeed, granting Movants leave to file their brief under such circumstances might encourage any number of "interested" parties to file immaterial briefs alleging harms and claims different from those that NTHP raises. This would threaten to "unduly expand the already extensive record in this case." *Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003) (Lamberth, J.) (denying leave to file to one potential *amicus curiae*, on this ground, among others).

## II. The Motion for Leave to File an Amicus Brief Is Untimely Under the Circumstances

LCvR 7(o)(2) also requires that a motion for leave to file an *amicus* brief be timely. There is no controlling authority "on timeliness of amicus curiae submissions" in the district courts. *A1 Procurement, LLC v. Thermcor, Inc.*, No. 2:15cv15, 2017 WL 2881350, at *2 (E.D. Va. July 5, 2017). Instead, district courts look to FRAP 29's requirements for guidance, *id.* (internal citation omitted), from which LCvR 7(o)(2) is derived. FRAP 29 provides that "[a]n amicus curiae must file its brief…no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. Proc. 29(a)(6); *NPCA*, ECF No. 31 at 9-10. FRAP 29's standard of seven days is not a thoughtless selection, but is based on consideration of parties' filing deadlines in appellate courts. Fed. R. App. Proc. 29 Adv. Comm. Notes to 2010 Amend. subdiv. (c)(5) (encouraging coordination between proposed *amici* and the party they seek to support, partly out of appreciation for the filing deadlines parties to the litigation face).

Movants suggest that their motion and proposed brief are timely by reference only to the number of days elapsed after NTHP filed its opening brief. *E.g.*, ECF No. 23 at 3. They make no reference to the jointly stipulated schedule filed by the parties before NTHP filed its Motion

for Preliminary Injunction and brief. *See In re Calpine Corp.*, No. 8-1286(VM), 2008 WL 2462035, at *1 (S.D.N.Y. June 9, 2008) (motion for leave to file *amicus* brief denied, where court had ordered briefing schedule for the parties); *Rumble v. Fairview Health Servs.*, No. 14-2037, 2016 WL 6534407, at *2 (D. Minn. Nov. 3, 2016) (*amicus* briefs ordered to be filed at same time as brief of party supported).

Movants also did not attempt to participate in the parties' discussion of an appropriate schedule. Yet, mere days after the joint stipulation was filed, Movants filed a motion and proposed *amicus* brief alleging new harms not raised by NTHP in its brief. Particularly where the Court has adopted the parties' agreed-upon briefing schedule, fairness to the Court and the parties demands that *amicus* briefs be consistent with the briefing schedule and be filed in sufficient time to allow for responsive briefing. This is made all the more imperative when the schedule is an expedited one, such as currently exists on two pending motions for preliminary injunction.

Movants' motion is therefore untimely under the circumstances. It was filed notwithstanding the existence of a joint stipulation between the parties and proposed intervenor Dominion Energy, which is pending before the Court. Movants' motion should therefore be denied.

## CONCLUSION

An *amicus* brief cannot be used by a non-party to advance alleged harms that are not alleged by the party seeking a preliminary injunction. It also cannot be filed in an untimely fashion. Movants' proposed *amicus* brief here does both, and the motion should be denied.

<u>Dated</u>:  September 15, 2017

/s/   Harry M. Johnson, III
Counsel for Virginia Electric and Power Company
dba Dominion Energy Virginia

38067.000141 EMF_US 66615083v5