# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

NATIONAL TRUST FOR HISTORIC )
PRESERVATION IN THE UNITED STATES )
 )
and )
 )
ASSOCIATION FOR THE PRESERVATION )
OF VIRGINIA ANTIQUITIES )
 )
      Plaintiffs, )
 )
        v. )     Civ. No. 17-cv-01574-RCL
 )
TODD T. SEMONITE, Lieutenant General )
Chief of Engineers and Commanding General, )
U.S. Army Corps of Engineers )
 )
and )
 )
ROBERT M. SPEER )
Acting Secretary of the Army )
 )
      Defendants. )
 )

---

## PLAINTIFFS' NOTICE REGARDING MOTION FOR ENLARGEMENT OF TIME TO SEEK ATTORNEY FEES AND COSTS PURSUANT TO SECTION 305 OF THE NATIONAL HISTORIC PRESERVATION ACT

Plaintiffs the National Trust for Historic Preservation in the United States and the Association for the Preservation of Virginia Antiquities ("Plaintiffs") respectfully submit notice of the following:

1.  The United States Court of Appeals for the District of Columbia Circuit held that Federal Defendants' ("Corps'") decision to approve Virginia Electric and Power Company's ("Dominion's") Surry-Skiffes Creek-Whealton transmission line project (the "Project") was arbitrary and capricious.  *Nat'l Parks Conservation Ass'n v. Semonite*, No. 18-5179 (D.C. Cir. March 1, 2019).  On May 31, 2019, the Court of Appeals remanded to this Court for consideration of "whether vacatur remains the appropriate remedy, including whether [Defendants] have forfeited or are judicially estopped from now opposing vacatur."  *Nat'l Parks Conservation Ass'n,* No. 18-5179 (D.C. Cir. May 31, 2019).

2.  Despite good-faith efforts, the parties have not been able to agree on a proposed format or schedule for the upcoming proceedings before this Court.  *See* Joint Status Report (Dkt 95).  Nor has the Court issued a scheduling order.  Based on the parties' discussions, however, it appears that upcoming proceedings in this Court are likely to involve extensive briefing, over a period of several months, eventually resulting in a determination about remedy and the resolution of the case.  *Id.*

3.  Plaintiffs intend to seek attorney fees and costs pursuant to Section 305 of the National Historic Preservation Act, 54 U.S.C. § 307105.  Section 305 does not specify a deadline for Plaintiffs to act.  *Id.*  Plaintiffs (and plaintiff in related case number 17-cv-1361) also intend to seek attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA").  The EAJA does not permit Plaintiffs to act until the Court of Appeals'

judgment becomes final and non-appealable; therefore, any action remains premature.  *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(G).

    4.  Federal Rule of Civil Procedure 54 authorizes this Court to extend or otherwise specify the time period within which attorney's fees and costs must be sought.

    5.  In view of the considerations set forth in items 1 through 4, and in an abundance of caution, on June 14, 2019, Plaintiffs elected to file a short Motion for Enlargement of Time for Filing Motion for Attorney Fees and Costs Pursuant to the National Historic Preservation Act (Dkt. 98).  In the interest of judicial economy, the Motion proposed to extend the deadline for Plaintiffs to seek fees and costs under Section 305 of the National Historic Preservation Act until proceedings before this Court have been completed.

    6.  Ms. Merritt began the filing well before 11:59 p.m. EDT on June 14.  *See* Declaration of Elizabeth S. Merritt, filed herewith, ¶ 3.  Unfortunately, she experienced a technical failure, the filing could not be completed, and she was eventually locked out of the ECF system.  *Id.*

    7.  Ms. Merritt promptly informed Mr. Adams of the technical issue.  *Id.*, ¶ 4; *see also* Declaration of Matthew G. Adams, filed herewith, ¶ 3.  The first person from Mr. Adams' office who was able to log on to the ECF system and complete the filing was Mr. Kohn.  *See* Adams Declaration, ¶ 4.  At the time, Mr. Kohn was en route from Washington, DC to San Francisco.  *See* Declaration of Samuel Kohn, filed herewith, ¶ 2.  Using an in-flight wireless connection, he completed the filing at 12:57 a.m. EDT.  *Id.*, ¶ 3.

    8.  Via e-mail, Plaintiffs' counsel promptly informed Defendants' counsel of the facts set forth in items 6 and 7.  Adams Declaration, ¶ 5.  Plaintiffs' counsel also explained that even though the timing of the filing seemed unlikely to result in any prejudice, Plaintiffs

would be happy to discuss any accommodations that Defendants might view as necessary or desirable.  *Id*.  As of this filing, Defendants' counsel have not responded to that invitation. *Id*.  Plaintiffs' counsel remain available to discuss any necessary accommodations.  *Id*.

9.  At 9:00 a.m. EDT on June 17, 2019 (*i.e.,* the beginning of the next business day following the technical failure), counsel for Plaintiffs telephoned the Office of the Clerk. *Id*., ¶ 5.  The Clerk's Office suggested that Plaintiffs' counsel file a Notice setting forth relevant facts.  *Id*.  The Clerk's Office also stated that such document might be filed as a "Consent Notice" or a "Notice," depending on the positions of the other parties.  *Id*. Plaintiffs' counsel e-mailed Defendants' counsel explaining the Clerk's direction and requesting their position(s), if any, on the filing of this Notice.  *Id*.  Intervenor-Defendant takes no position on this Notice.  *Id*.  The Federal Defendants state that they do not believe this document should be filed as a "Consent Notice."  *Id*.

10.  For the reasons set forth in items 7 through 9, Plaintiffs respectfully submit that they have taken all reasonable steps to promptly address and correct the technical failure referenced in item 6.

Respectfully submitted this 17th day of June, 2019.

<u>            */s/ Samuel Kohn*            </u>

Matthew G. Adams (*pro hac vice*)
Samuel Kohn, D.C. Bar No. 1023158
Dentons US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA  94105
(415) 882-5031
samuel.kohn@dentons.com

Elizabeth S. Merritt, D.C. Bar No. 337261
National Trust for Historic Preservation
2600 Virginia Ave. NW, Suite 1100
Washington, DC 20037
202-297-4133
emerritt@savingplaces.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2019, I caused service of the foregoing

Notice Regarding Motion for Enlargement of Time, Declaration of Samuel Kohn, Declaration of

Matthew G. Adams, and Declaration of Elizabeth S. Merritt to be made by filing them with the

Clerk of the Court via the CM/ECF System, which sends a Notice of Electronic Filing to all

parties with an e-mail address of record who have appeared and consented to electronic service.

To the best of my knowledge, all parties to this action receive such notices.


_____/s/ Samuel Kohn_____ _____

Samuel Kohn