# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORICC PRESERVATION IN THE UNITED STATES *et al.*, <br><br>    Plaintiff, <br><br>    v. <br><br>TODD T. SEMONITE, *Lieutenant General, U.S. Army Corps of Engineers et al*. <br><br>    Defendants, <br><br>VIRGINIA ELECTRIC & POWER COMPANY <br><br>    Defendant-Intervenor. | Civil Action No. 1:17-cv-01574-RCL |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF NATIONAL TRUST'S MOTION FOR RECONSIDERATION

The National Trust for Historic Preservation in the United States ("NTHP"), moved for this Court to reconsider its November 8, 2019 decision granting Federal Defendants' and Defendant-Intervenor's motions to remand the United States Army Corps of Engineers ("Corps") Clean Water Act ("CWA") Section 404 and Rivers & Harbors Act Section 10 permit without vacatur. ECF No. 126, November 8, 2019 Memorandum Opinion; ECF No. 129, December 6, 2019 NTHP Motion for Reconsideration ("NTHP Motion"), at 1. NTHP's Motion is intended to piggyback upon the National Preservation Conservation Association's ("NPCA") Motion, wherein NPCA reiterates its former position, stating that "it does not expect to seek removal of the Project pending completion of the Environmental Impact Statement." ECF No. 150, December 3, 2019 NPCA Motion for Reconsideration, Case No. 17-1361, at 1. In response to

1

NTHP's Motion (and to avoid duplication and further burdening the Court's time), Federal Defendants hereby incorporate their opposition to NCPA's Motion, ECF No. 153, filed in the companion case, Case No. 17-1361, in opposition to NTHP's Motion (attached hereto as "Attachment A").

Federal Defendants do, however, briefly address the specific points NTHP raises. NTHP suggests that reconsideration is warranted for three reasons: that the Court's opinion is incorrectly based upon NPCA's intention to initiate proceedings upon vacatur; that the Court's opinion is based upon a now incorrect statement NPCA lodged that if the Corps does not take action to remove the towers upon vacatur, NPCA will; and that the Court's conclusion as to why Plaintiffs are not seeking removal of the towers at this stage of the litigation means that the only logical explanation is that Plaintiffs will do so in the future overlooks Plaintiffs' clear commitment not to initiate removal proceedings and half a dozen pages of briefing in which NTHP explained the importance of vacatur to protect the purpose and integrity of the EIS process. NTHP Motion 2-3.

NTHP does not provide any arguments or establish a new alleged mistake or misapprehension of fact, and relies solely upon NPCA's "new" statement to support its request for reconsideration, as well as NPCA's argument that the Court overlooked the Plaintiffs' argument that vacatur is necessary to protect the purpose and integrity of the EIS process. *Id*. As was explained in Federal Defendants' opposition to NPCA's Motion, ECF No. 153, Case No. 17-1361, NPCA's statement is nothing more than a rehash of the same equivocal and vague statement NPCA previously submitted to the Court, and in any event, comes too late as there is no legal basis for NPCA to submit an updated position after the Court issued its final remedy order. Like NPCA's Motion, NTHP's Motion should be dismissed because it cannot satisfy the

controlling standard for relief from an order under Fed. R. Civ. P. 60(b), which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or for newly discovered evidence." *Id*. NTHP's reliance upon NPCA's problematic statement presents no misapprehension of fact to correct or new evidence for the Court's consideration. ECF No. 129, Case No. 17-1574, at 4.

Furthermore, NTHP is mistaken to the extent it relies upon Fed. R. Civ. P. 59(e), which governs motions to alter or amend a judgment. The decision that NTHP challenges is an order, not a judgement. However, as explained in Federal Defendant's opposition to NPCA's motion, even if Rule 59(e) were applicable (which it is not), Plaintiffs also could not meet that standard for the same reasons they cannot prevail under Rule 60(b). *See* ECF No. 153, Case No. 17-1361, at 5-12. Under Rule 60(b), Plaintiffs have not demonstrated that there is a mistake in law to correct or newly discovered evidence for the Court's consideration. Plaintiffs have misconstrued the law and ignored the proper avenues to address these concerns. Once the EIS is complete, the Corps will issue a new final agency action that will be supported by its own administrative record. Plaintiffs can challenge that decision and seek whatever remedy they choose, consistent with the Administrative Procedure Act ("APA"). If Plaintiff is concerned that the development of the EIS is taking too long (a purely speculative notice with no basis for support), Plaintiffs could also endeavor to seek relief under the APA for the perceived failure to act. *See* 25 U.S.C. § 706(1) (agency's failure to act).

In response to NTHP's third assertion—that the Court mistakenly inferred that Plaintiffs' inaction now meant that Plaintiffs would pursue action in the future—the Court should reject this assertion because the Court did not base its conclusion exclusively upon Plaintiffs' potential future actions. *Id*. at 10-12. Instead, the Court considered a host of other disruptive

consequences that would occur upon vacatur, an action which would then deem the permit to be unlawful.  *Id*.  For the reasons articulated in Federal Defendants' Opposition, *id*. at 5-12, and as incorporated herein, the Court should deny NTHP's motion.

Dated:  December 20, 2019

JEAN WILLIAMS
DEPUTY ASSISTANT ATTORNEY GENERAL
United States Department of Justice
Environment & Natural Resources Division

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN, IL Bar No. 6279766
TRIAL ATTORNEY
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: 202.305.0446
Fax: 202.305.0506
Dedra.Curteman@usdoj.gov

*/s/ Heather E. Gange*
HEATHER E. GANGE, D.C. Bar No. 452615
Sr. TRIAL ATTORNEY
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel.: 202.514.4206
Fax: 202.514.8865
Heather.Gange@usdoj.gov