UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>TODD T. SEMONITE, Lieutenant General, U.S. Army Corps of Engineers, *et al.*,<br><br>        Defendants,<br><br>and<br><br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>        Defendant-Intervenor. | Civ. No. 17-cv-01574-RCL |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

    The facts supporting reconsideration of this Court's November 8, 2019, Remedy Order (ECF 126) are clear, straightforward, and largely undisputed.

    At issue is whether the permit for the Surry-Skiffes Creek-Whealton transmission line project ("Project") — previously determined to have been issued in violation of federal law — should be vacated until such time as the Federal Defendants have prepared an Environmental Impact Statement ("EIS") and otherwise complied with the National Environmental Policy Act and Section 110(f) of the National Historic Preservation Act.

    The Remedy Order turned on a finding that vacatur "would lead to serious, disruptive consequences" by impacting electric reliability. ECF 126 at 12-18. But the Order did not find — and no party contends — that electric reliability will be impacted by vacatur <u>in and of itself</u>.

1

*Id.* As implicitly recognized in this Court's October 15, 2019, Minute Order (ECF 121), vacatur could only impact reliability (if at all) by causing the Project to be removed from service during the Federal Defendants' scheduled EIS process.

The fact that no plaintiff seeks (nor expects to seek) removal of the Project during the EIS process is therefore determinative. Plaintiffs the National Trust for Historic Preservation in the United States ("National Trust") and the Association for Preservation of Virginia Antiquities ("Preservation Virginia") have clearly stated that they do not expect to initiate proceedings to remove the Project while the EIS process is ongoing (ECF 123), a representation that has been accepted by this Court (*see* ECF 126 at 12-13) and is not disputed by any party. And the National Parks Conservation Association ("NPCA"), plaintiff in related case number 17-1361, has explained at length that it does not expect to initiate such proceedings either. *See* Case No. 17-1361 ECF 150; Case No. 17-1361 ECF 154.

The Federal Defendants (ECF 135 at 2, Ex. A at 8-10)[1] and Dominion (ECF 134, Ex. A at 6-8)[2] refuse to accept NPCA's binding commitment not to seek Project removal during the scheduled EIS process. Instead, they have attempted to convince this Court that reconsideration is inappropriate because NPCA's "true" position calls for the Project to be immediately removed from service. *Id.* Defendants' argument does not withstand scrutiny. NPCA — not Dominion or the Federal Government — is the party qualified to explain whether it expects to request

---

[1] Federal Defendants' Opposition (ECF 135) consists of approximately three pages purporting to respond to the Reconsideration Motion filed by the National Trust and Preservation Virginia, as well as a copy of the government's longer opposition to the separate Reconsideration Motion filed by NPCA in case number 17-1361.

[2] Dominion's Opposition (ECF 134) does not specifically respond to the Reconsideration Motion filed by the National Trust and Preservation Virginia; instead, it simply incorporates by reference the Company's opposition to the separate Reconsideration Motion filed by NPCA in case number 17-1361.

Project removal before the EIS process is complete. Moreover, the "evidence" on which the Defendants rely for their description of NPCA's position largely predates the October 15, 2019, Minute Order (ECF 121). In that Order, the court requested that NPCA, the National Trust, and Preservation Virginia state whether they expect to seek removal of the Project prior to completion of the EIS process. *See id.* There would have been no reason to request such statements if (as Defendants now claim) NPCA had already committed to seeking immediate removal of the Project.

Perhaps recognizing the absurdity of their refusal to accept NPCA's statement of its own position, Defendants argue that reconsideration is unwarranted even if NPCA does not expect to request immediate Project removal. *See* ECF 134, Ex. A at 8-9 (Dominion); ECF 135 at 3-4 (Federal Defendants). Not so. NPCA's clarification of its position confirms that there is no evidentiary basis to conclude that the Project will be removed (or electric reliability affected) before the scheduled EIS process is complete:

- The National Trust and Preservation Virginia have represented that they do not expect to seek Project removal prior to completion of the EIS process, and the court has accepted that representation. ECF 123; ECF 126 at 12-13.

- The Federal Defendants have (1) stated that vacatur does not compel them to order removal of the Project, but merely provides discretion to consider initiating an administrative process that may or may not include the possibility of removal (*see Transcript of Motion Hearing*, attached as Exhibit A, at 9:16 to 9:18, 10:18 to 11:10); and (2) represented that the Army Corps of Engineers does not require projects to be removed without extensive analysis — which, in this case, would include the EIS process itself (*see id.* at 58:4 to 58:15).

3

- Federal Defendants have further represented that third parties have no right to petition for removal of the Project.  *See, e.g.,* ECF 108 at 15.

- There is no indication that Dominion would unilaterally remove the Project.

In sum, NPCA's clarification shows there is no evidence that any party to either of the related cases expects to request Project removal prior to completion of the EIS process.  And the Corps has stated that no third party is entitled to make such a request.  On this record, Plaintiffs respectfully submit that it would be clear error to conclude that vacatur may cause removal of the Project before the scheduled EIS process is complete.  Accordingly, reconsideration of this Court's November 8, 2019, Remedy Order is warranted.

                                              Respectfully submitted,

DATED:  December 27, 2019

                                              By           /s/ *Matthew G. Adams*
Matthew G. Adams (*pro hac vice*)
Samantha Caravello (D.D.C. Bar No. CO0080)
Kaplan, Kirsch & Rockwell LLP
595 Pacific Avenue, 4th Floor
San Francisco, CA 94133
(628) 209-4151
*madams@kaplankirsch.com*

Jessica L. Duggan (pro hac vice)
Dentons US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
*jessica.duggan@dentons.com*
(415) 882-2469

Elizabeth Merritt (D.C. Bar No. 337261)
Sharee Williamson (D.C. Bar No. 990497)
National Trust for Historic Preservation
2600 Virginia Ave. NW, Suite 110
Washington, DC 20037
*emerritt@savingplaces.org*
(202) 297-4133

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2019, I caused service of the foregoing Reply in Support of Motion for Reconsideration to be made by filing it with the Clerk of the Court via the CM/ECF System which sends a Notice of Electronic Filing to all parties with an e-mail address of record who have appeared and consented to electronic service. To the best of my knowledge, all parties to this action receive such notices.

<pre>                                         /s/ Samantha R. Caravello
                                         Samantha Caravello (D.D.C. Bar No. CO0080)
                                         Kaplan, Kirsch & Rockwell LLP
                                         1675 Broadway, Suite 2300
                                         Denver, CO 80202
                                         (303) 825-7500
                                         *scaravello@kaplankirsch.com*</pre>